IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE M. WILLIS,

      Plaintiff,

    vs.

CHRISTY LOWERY, et al.,

      Defendants.

_____/

No. CIV S-07-0219 FCD EFB PS

ORDER

      This action, in which plaintiff is proceeding pro se, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

      On February 1, 2007, plaintiff filed a complaint alleging state law claims against defendants Shasta Lake Realty, Christy Lowery, Vance Dell, Realty Executives International, Inc., Richard A. Rector, Cindy D. Young, Alliance Title Co., John Harritt, and Steven Jones. Plaintiff's claims arise from a series of events concerning the failed sale of his house in Redding, California. Plaintiff predicates subject matter jurisdiction pursuant 28 U.S.C. § 1332. Compl., at 2:2-4.[1]

////

---

[1] The complaint alleges no claims under federal law.

1

...

Defendants, in three separate motions, move to dismiss based on lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.

As a threshold matter, the court must satisfy itself that it has subject matter jurisdiction over this action. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). It is the plaintiff's burden to establish the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).

Defendants Christy Lowery and Vance Dell move, *in propria persona*, to dismiss for lack of subject matter jurisdiction, alleging that complete diversity does not exist between the parties.[2] Specifically, these defendants allege that plaintiff is a resident of California for purposes of diversity, and because they (and other defendants) are also residents of California, complete diversity does not exist under section 1332(a)(1). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (section 1332(a)(1) requires complete diversity between *all* plaintiffs and *all* defendants) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (emphasis added)).

---

[2] Defendants Lowery and Dell also purport to move for dismissal on behalf of defendant Shasta Lake Realty. However, "Shasta Lake Realty" appears to be a business entity which cannot appear *in propria persona* nor be represented by non-attorneys. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. Unimex*, 991 F.2d 546, 549 (9th Cir. 1993). Neither Lowery nor Dell may appear in federal court on behalf of any person or entity other than themselves unless they are licensed to practice law and admitted to practice before this court.

2

In support of this contention, defendants attach Mr. Dell's affidavit concerning a letter he received from plaintiff on February 10, 2007, which displays a return address of Las Vegas, Nevada, but is postmarked from Redding, California. Defendants attach a photocopy of this letter as an exhibit to the affidavit.

Although this is hardly conclusive proof as to plaintiff's state of citizenship, the court must nonetheless satisfy itself of its jurisdiction over this action.

Plaintiff bears the burden of establishing that jurisdiction does in fact exist. *See, e.g., Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir.1995); *Gingo v. United States Dep't of Educ.*, 149 F. Supp. 2d 1195, 1200 (E.D. Cal. 2000). Plaintiff has not met that burden here. The court has reviewed the complaint, and finds that, regardless of the true state of plaintiff's citizenship, the complaint, on its face, fails to allege with sufficient specificity the citizenship of all parties. Plaintiff merely alleges "Clarence M. Willis (Willis), plaintiff, 4192 Canadian Drive, Las Vegas Nevada." Compl. at 2:6-7. This phrase does not allege that he is a *citizen* of Nevada. Similarly, plaintiff fails to allege the citizenship of each of the named defendants. *See* Compl., at 2:8-16. As such, plaintiff has failed to plead sufficient allegations to invoke this court's jurisdiction under section 1332(a)(1), and the court must dismiss this action for lack of subject matter jurisdiction. *See Scholastic Ent., Inc. v. Fox Ent. Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (court may dismiss an action *sua sponte* for lack of subject matter jurisdiction); *Bautista*, 828 F.2d at 552 (allegation that defendant is a "citizen of state other than that of plaintiff" insufficient). However, because pro se pleading are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court will grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, the court shall require plaintiff to file a sworn affidavit concerning the state of his citizenship. *See Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 (9th Cir. 1998) (approving of district court's actions requiring sworn affidavits as to citizenship of the parties where the subject matter jurisdiction was at issue).

3

Moreover, in filing an amended complaint, plaintiff shall read and comply with Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

As addressed by other defendants moving to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint lacks sufficient factual allegations to support many of the stated causes of action against each defendant. Although the court makes no recommendation regarding the merits of those Rule 12(b)(6) motions at this time, plaintiff must nonetheless comply with Rule 8 if he chooses to file an amended complaint.

Pending the determination of whether subject matter jurisdiction exists, the court vacates defendants' motions to dismiss, without prejudice to refiling them should plaintiff choose to file an amended complaint. If plaintiff so chooses, he is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court notes that plaintiff has lodged "objections" to the referral of this case to the undersigned magistrate judge. Pursuant to 28 U.S.C. § 636(B)(1)(A), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . ." Further, pursuant to section 636(B)(1)(B), a district judge "may also designate a magistrate judge to . . . submit to a judge . . . proposed findings of fact and recommendations for the disposition . . . of any motion. . . ." 28 U.S.C. § 636(B)(1)(B). Finally, a magistrate judge may dismiss a complaint with leave to amend, as has been done in this case. *See McKeever v. Block*, 932 F.2d 795, 796 (9th Cir. 1991).

In accordance with the foregoing, IT IS ORDERED that:

1. The complaint is dismissed with leave to amend;

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint consistent with this order. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

3. Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed; and,

4. Defendants' motions to dismiss, filed March 2 and 6, 2007, are vacated without prejudice.

DATED: August 21, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5